**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

MOTION INFORMATION STATEMENT

Docket Number(s): 26-666

Caption [use short title]

Motion for: Leave to File Appellee Brief

Certain Burlingame and Schneider Plaintiffs

v. Non-Objecting Plaintiffs

Set forth below precise, complete statement of relief sought:

Leave of the Court to file a separate appellee brief on the same briefing schedule as agreed to by Appellants and the other Appellees. The Breitweiser Plaintiffs have a substantial interest in the appeal, are not represented by any collectively represented appellee group and have a distinct legal position. Such leave would cause no prejudice.

MOVING PARTY: Breitweiser Plaintiffs

OPPOSING PARTY: 

☐ Plaintiff ☐ Defendant

☐ Appellant/Petitioner ☑ Appellee/Respondent

MOVING ATTORNEY: Jonathan P. Vuotto

OPPOSING ATTORNEY: Apparently all other counsel of record.

[name of attorney, with firm, address, phone number and e-mail]

McAndrew Vuotto, LLC

Anderson Kill P.C., Law Office of John F. Schutty, P.C., et al.

13 Mt. Kemble Ave., Morristown NJ 07960

973-532-6242; jpv@mcandrewvuotto.com

Court- Judge/ Agency appealed from Appellants appeal from a Southern District of New York Order of Hon. George B. Daniels, U.S.D.J.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): 

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is the oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☑ No If yes, enter date: 

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: 

**Signature of Moving Attorney:**

_Vuotto_ Date: 5/5/2026 Service : ☑ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)



# McANDREW
# VUOTTO LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

May 5, 2026

*<u>Via Electronic Filing</u>*

Catherine O'Hagan Wolfe, Clerk of Court
Andrew Barnes, Chief Deputy Clerk
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> **Re: Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs
> Court of Appeals Docket No. 26-666**

Dear Ms. O'Hagan and Mr. Barnes:

This firm represents Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, the "Breitweiser Plaintiffs"), in connection with the above-referenced matter.

We write to respectfully request leave of the Court to file a separate appellee brief in this appeal. As evidenced by the letter filed today [No. 63.1], the Appellants (represented by John F. Schutty, Esq.) and the other Appellees (represented by Jerry S. Goldman, Esq., et al.) are jointly seeking to preclude the Breitweiser Plaintiffs from filing a brief to protect their interests. We respectfully submit that the joint effort to prevent the Breitweiser Plaintiffs from being heard is improper and that the Breitweiser Plaintiffs should be permitted to file a brief for the following reasons.

First, the Breitweiser Plaintiffs are parties to this appeal. They are expressly identified among the judgment creditors in the District Court's Rule 54(b) certification order now under review, and their judgments and enforcement rights are directly and materially affected by the issues presented, including any modification, stay, or reversal of the District Court's rulings. As such, the Breitweiser Plaintiffs have a direct and substantial interest in the disposition of this appeal and a corresponding right to be heard.

Second, the Breitweiser Plaintiffs are independently represented and are not members of any collectively represented appellee group. They have not authorized any other counsel to represent their interests in this appeal or to accept service on their behalf. No existing appellee brief will adequately present their position. As previously indicated to counsel, the Breitweiser Plaintiffs intend to assert a "mixed appellee" position – supporting affirmance in part and reversal in part on

2

grounds that differ from those advanced by both appellants and other appellees. In these circumstances, a separate brief is necessary to ensure that their distinct legal position is properly presented to the Court. Because the Breitweiser Plaintiffs do not seek to enlarge their rights under the subject judgments, however, no cross-appeal is necessary or warranted.

Moreover, the Breitweiser Plaintiffs were not served with filings subsequent to the Notice of Appeal at the outset of this proceeding. As reflected in our April 21, 2026 letter to the Court, the Breitweiser Plaintiffs did not receive the docketing notice, motion papers, or other submissions despite being parties whose rights are directly implicated and Mr. Schutty and Mr. Goldman, et al.'s direct knowledge of this fact. This lack of service deprived the Breitweiser Plaintiffs of timely notice and participation in proceedings that affect their judgments. Permitting them to file a brief now will ensure that they are not prejudiced by that omission and that the Court has the benefit of full adversarial presentation.

Allowing the filing of a separate appellee brief will not prejudice any party or disrupt the Court's schedule. The Breitweiser Plaintiffs will file their brief on the appellee deadline set by the Court and will comply with all applicable word limits. Their submission will not duplicate existing arguments, but instead will address issues and perspectives not presented by other parties, thereby assisting the Court in resolving the complex issues arising from this multi-party MDL appeal.

The Federal Rules of Appellate Procedure do not limit appellees to a single brief, and courts routinely permit separately represented parties with differing interests to file their own submissions. Given the Breitweiser Plaintiffs' status as parties, their independent representation, their distinct position, and the lack of prior service, permitting their participation through a separate appellee brief is both appropriate and necessary.

For these reasons, the Breitweiser Plaintiffs respectfully request that the Court grant leave to file a separate appellee brief on the existing appellee briefing schedule.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto

cc:     Counsel of Record (via electronic filing)